IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

CHAD RAYLEE DANDERSON,

              Petitioner,

v.

AMY PAGE, Presiding Judge,
District Court of the Cherokee
Nation,[1]

              Respondent.

Case No. 24-CV-208-JFH-GLJ

## OPINION AND ORDER

Petitioner Chad Raylee Danderson ("Danderson") is a pro se pretrial detainee who is incarcerated at the Cherokee County Detention Center in Tahlequah, Oklahoma. He filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, seeking relief for his criminal prosecution in Cherokee Nation District Court Case Nos. CF-2022-2538, CM-22-1251, CM-22-1445, and CM-22-1443. Dkt. No. 1 at 2. Because this case concerns proceedings in the Cherokee Nation District Court, this Court construes this action as a petition for a writ of habeas corpus under 25 U.S.C. § 1303.[2]

---

[1] The petition listed numerous individuals and agencies as respondents. The proper respondent, however, is Judge Amy Page, the presiding judge over Danderson's proceedings in the Cherokee Nation District Court. Therefore, this Court substitutes Judge Amy Page as the respondent. *See Coriz v. Rodriguez*, 350 F. Supp. 3d 1044, 1051-52 (D.N.M. 2018) (noting that the tribal court judge is a proper respondent in a habeas action under § 1303).

[2] 25 U.S.C. § 1303 states that "[t]he privilege of the writ of habeas corpus shall be available to any person, in a court of the United States, to test the legality of his detention by order of an Indian tribe."

I.   **Danderson's Habeas Claims**

Danderson alleges he is challenging the jurisdiction of the Cherokee Nation District Court. Dkt. No. 1 at 2.  The habeas petition raises 13 grounds for relief:

Ground One:  False imprisonment
Ground Two:  Venue
Ground Three:  *Brady* motion ignored
Ground Four:  Excessive bail
Ground Five:  Denial of a speedy trial
Ground Six:  Judicial misconduct
Ground Seven:  Plea bargain coercion due to trial penalty
Ground Eight:  Prosecutorial misconduct leading to false arrest and imprisonment
Ground Nine:  Prosecutor's failure to participate in good faith in discovery plan.
Ground Ten:  Jurisdiction
Ground Eleven:  Falsely arrested on false charges
Ground Twelve:  Cherokee Nation District Court's failure to obey federal due process laws
Ground Thirteen:  District attorneys and their partners

[Dkt. No. 1 at 6-10].

II.   **Screening/Dismissal Standards**

Because Danderson filed his petition while incarcerated, it is subject to sua sponte screening.  *See* Habeas Corpus Rule 4 (requiring screening of habeas claims); 28 U.S.C. § 1915A(a) (requiring screening of prisoner civil rights complaints).  The Court has carefully reviewed the record and construes Danderson's pro se pleadings liberally.  *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  This relaxed standard, however, does not relieve his burden of alleging sufficient facts on which a recognized legal claim could be based.  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

III.   **Exhaustion of Claims**

"A threshold question that must be addressed in every habeas case is that of exhaustion." *Harris v. Champion*, 15 F.3d 1538, 1554 (10th Cir. 1994).

> Despite § 1303's lack of an express exhaustion requirement, this court has suggested that § 1303 petitioners must exhaust tribal court remedies. *See Dry v. CFR Court of Indian Offenses for Choctaw Nation*, 168 F.3d 1207, 1209 (10th Cir.1999) (reversing and remanding the dismissal of a habeas corpus petition for "the district court [to] consider, in the first instance, whether Petitioners have sufficiently exhausted their tribal remedies"); *Harvey ex rel. Chavez v. Star*, 1996 WL 511586, at *1 n.2 (10th Cir. Sept. 10, 1996) (unpublished) (stating that "the exhaustion requirement controlling our disposition under [28 U.S.C.] § 1331 applies as well to § 1303").

*Valenzuela v. Silversmith*, 699 F.3d 1199, 1206 (10th Cir. 2012).

A review of the petition shows that Danderson asserts he has not exhausted his habeas claims in the Cherokee Nation tribal courts. Dkt. No. 1 at 6-13. Accordingly, this action shall be dismissed without prejudice for Danderson's failure to exhaust his tribal court remedies.

## IV.   Petition for Writ of Prohibition and Petition for Writ of Review

On July 22, 2024 Danderson filed a petition for writ of prohibition and petition for writ of review. Dkt. No. 3. The Court finds Danderson is requesting two forms of relief in one motion, in violation of this Court's Local Civil Rule 7.1(b), which states "[e]ach motion, application, or objection filed shall be a separate pleading, except where alternative pleading is allowed by law or these Rules."

Although the motion is improper, the Court notes that Danderson is asking that he not be transferred to an out-of-state prison or jail, and he requests that the Cherokee Nation District Court provide the sentencing transcript. To the extent Danderson wants to add habeas claims about his criminal proceedings, there is no indication he has exhausted those issues.

As for his request to prohibit his transfer to another state, such claims are not proper for a habeas corpus petition. Further, it is well settled that there is no constitutional right to incarceration in a particular correctional facility. *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983). *See also*

*Meachum v. Fano*, 427 U.S. 215, 228 (1976) ("[P]rison officials have discretion to transfer [prisoners] for whatever reason or for no reason at all."). Therefore, Danderson's petition for writ of prohibition and petition for writ of review [Dkt. No. 3] is denied.

IT IS THEREFORE ORDERED that:

1. Judge Amy Page, Presiding Judge of the District Court of the Cherokee Nation, is substituted as the respondent in Danderson's petition for a writ of habeas corpus.

2. Danderson's petition for a writ of habeas corpus is construed as arising under 25 U.S.C. § 1303.

3. Danderson's petition for writ of prohibition and petition for writ of review [Dkt. No. 3] is DENIED.

4. This action is DISMISSED without prejudice for Danderson's failure to exhaust the available remedies for his claims before initiating the action.

Dated this 20th day of August 2024.

_____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE